UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
29 FLATBUSH AVENUE ASSOCIATES, LLC,

                        Plaintiff,

          v.

ILEEN CAIN,

                        Defendant.
-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-6173 (MKB)

MARGO K. BRODIE, United States District Judge:

On October 20, 2017, Defendant Ileen Cain filed a notice of removal for an eviction proceeding pending in the Supreme Court of the State of New York, Kings County ("State Court"). (Notice of Removal, Docket Entry No. 1.) On October 20, 2017, Cain also filed a motion for leave to proceed *in forma pauperis*. (Mot. for Leave, Docket Entry No. 2.) Cain's request to proceed *in forma pauperis* is granted for the purpose of this decision. Based on the petition and the exhibits annexed thereto, the Court concludes that removal is improper and remands this action to the State Court. 28 U.S.C. §§ 1446, 1447.

**I. Background**

On August 28, 2017, 29 Flatbush Avenue Associates, LLC (the "Landlord"), commenced a holdover proceeding in State Court under Index Number LT-82114-17 ("Holdover Proceeding"). (Notice of Removal at 19.)[1] By notice of removal, Cain removed the Holdover Proceeding to this Court. According to the court documents in the Holdover Proceeding, the

---

[1] Because the notice of removal and the exhibits attached thereto are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

Landlord terminated Cain's lease effective August 17, 2017. (*Id.* at 22.) The lease appears to have been terminated because Cain was allegedly engaging in objectionable conduct and committing or permitting a nuisance in the building. (*Id.* at 27–33.) Although unclear, Cain appears to allege violations of the Fair Housing Act[2] and her procedural due process rights under the Fourteenth Amendment.

On October 21, 2017, after filing the notice of removal with this Court, Cain filed a motion in State Court requesting that it "dismiss" the Landlord's complaint in light of her notice to remove the case to federal court. (Notice of Pet'r Filing Mot. to Dismiss L&T Holdover, Docket Entry No. 4.) On November 14, 2017, the Landlord served on Cain a motion to remand the matter back to the State Court. (Cover Letter Accompanying Motion, Docket Entry No. 5.)[3]

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 1441, removal is permitted for any civil action, commenced in a state court, over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Emp. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted).

It is appropriate for the Court to determine, *sua sponte*, whether it has subject matter jurisdiction and to remand the case to state court, if necessary. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and

---

[2] The Court notes that Cain fails to plead any factual allegations in support of a Fair Housing Act claim.

[3] The Landlord did not file the motion to remand with the Court.

may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citation omitted)).

    b. **The removal of this action was untimely**

Pursuant to 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after the defendant has received a copy of the complaint or another document "from which it may first be ascertained" that the action is removable. 28 U.S.C. § 1446(b). The Holdover Proceeding was commenced in State Court on August 28, 2017, and the initial court hearing was held on September 8, 2017. (Notice of Pet. Holdover at 17, annexed to Notice of Removal as Ex. C.) Cain filed the notice of removal with the Court on October 20, 2017. Even assuming that Cain could not have ascertained any basis for removal until the initial court hearing, the notice of removal would still be untimely because Cain filed it more than thirty days after the hearing occurred. *See Matter of Proceeding for Support under Family Court Act*, No. 17-CV-6030, 2017 WL 5195228, at *1–2 (E.D.N.Y. Nov. 9, 2017) (finding "no basis in law" to remove a child support enforcement action one year after it was commenced (citation omitted)); *see also Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 267–68 (E.D.N.Y. 2014) (remanding holdover proceeding to state court for failure to remove within the required thirty-day period).

    c. **The Court lacks subject matter jurisdiction**

Even if the notice of removal was timely filed, the Court nevertheless lacks subject matter jurisdiction over Cain's claims. The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters. *See Force v. Crowell*, No. 16-CV-

6062, 2017 WL 4402451, at *5 (E.D.N.Y. Sept. 30, 2017) (district courts lack subject matter jurisdiction over eviction claims (citing *Haynie v. N.Y.C. Hous. Auth.*, No. 14-CV-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015))); *Ellis v. Sabeini Mitivach Assocs.*, No. 14-CV-4441, 2014 WL 5305994, at *2 (E.D.N.Y. Oct. 15, 2014) (same).

### III. Conclusion

For the foregoing reasons, the Court remands the action to State Court. The Clerk of Court is directed to immediately send a certified copy of this Memorandum and Order to the Clerk of the State Court, note service on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 27, 2017
      Brooklyn, New York